IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATT HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-564-MHT-TFM |
| | ) | |
| JON B. CARROLL[1] and | ) | |
| SANTANNA KENNY MCCRAE, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant removed this case from the Circuit Court of Barbour County, Alabama – Clayton Division on the asserted basis of diversity jurisdiction. (*See* Notice of Removal, Doc. 1). Thereafter, Defendant filed an Amended Notice of Removal (Doc. 10) as required by this Court's Order of August 29, 2017. (Doc. 6). Plaintiff has filed a Motion to Remand (Doc. 8) and a Supplement to the Motion to Remand alleging that there is no diversity of citizenship because Defendant John Carroll is a citizen of the State of Alabama. (Doc. 13).

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing

---

[1]   The complaint filed by Plaintiff is spelled Jon B. Carroll. Defendant spells his first name as John. The Court follows the version filed by Plaintiff until a request is made to correct the name.

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. Thus, Carroll, as the removing party, bears the burden of establishing his citizenship.

In the Complaint, Plaintiff alleges that Defendant John Carroll is an "adult resident of Henry County, Alabama" and Santana Kelly McCrae[2] is an "adult resident citizen of the Clayton Division of Barbour County, Alabama." (Doc. 1-1 at p.1). Indeed, Carroll provides a Clayton, Alabama residence to the Court on his Notice of Removal (Doc. 1 at p.5) and in his state court answer. (Doc. 1-2 at p.18). Furthermore, it appears to the Court that the state court summons was served upon Carroll at a Clayton, Alabama address. (Doc. 1-3 at p. 2). However, in the Notice of Removal Carroll alleges that he is a citizen of Colorado. (Doc. 1 at p. 3). As a result of this ambiguity, the Court ordered Defendant to file an Amended Notice of Removal addressing this issue. (Doc. 6).

In his Amended Notice of Removal Defendant again alleges that he is a citizen of Colorado and attaches a copy of his Colorado Driver's license. (Docs. 10 and 10-1). In Response, Plaintiff filed a Supplement to the Motion to Remand and attaches the notarized Affidavit of John Carroll filed with the Judicial Inquiry Commission wherein Carroll swears under oath that he "reside[s] in Henry County Alabama and San Juan County Colorado on a seasonal basis." (Doc. 13-1). *See*

---

[2] Co-defendant, Santana Kenny McCrae has not joined in the Notice of Removal. (Doc. 1-1). 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

*Spann v. Northwestern Mut. Life Ins. Co.,* 795 F. Supp. 386, 390 (M.D. Ala. 1992) citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'")  The Court concludes that Carroll's Affidavit demonstrates his permanent home is in Henry County, Alabama.  As Carroll is domiciled in Alabama and is a citizen of the State of Alabama, there is no diversity jurisdiction.  Thus, the Court concludes that Plaintiff's Motion to Remand (Doc. 8) is due to be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Plaintiff's Motion to Remand (Doc. 8) be GRANTED and that any other motions pending in this matter be DENIED as Moot.  It is further

ORDERED that the Parties shall file any objections to this Recommendation on or before **December 14, 2017.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 30th day of November, 2017.

                                                /s/ Terry F. Moorer
                                                TERRY F. MOORER
                                                UNITED STATES MAGISTRATE JUDGE